NOT FOR PUBLICATION

FILED

DEC 24 2015

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JEANNE MUNDOGO MANUNGA, | No. 14-55568 |
| Petitioner - Appellant, | D.C. No. 8:14 cv-00238- AG-RZ |
| v. | |
| SUPERIOR COURT OF CALIFORNIA ORANGE COUNTY, | MEMORANDUM* |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Central District of California
Andrew J. Guilford, District Judge, Presiding

Argued and Submitted December 8, 2015
Pasadena, California

Before:    PREGERSON, TASHIMA, and CALLAHAN, Circuit Judges.

Jeanne Mundogo Manunga, a Congolese national, appeals the district court's

dismissal of her 28 U.S.C. § 2254 petition for a writ of habeas corpus challenging

her 2010 California state court conviction.  Manunga was also convicted of an

unrelated offense in state court in 2012.  Manunga filed two federal habeas

---

*        This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

petitions challenging the 2010 conviction, one on January 7, 2013, and the other on February 7, 2014. The district court dismissed both petitions for lack of jurisdiction and, alternatively, because the petitions were untimely and unexhausted. Manunga appealed the dismissal of her 2014 petition, and this Court issued a certificate of appealability as to the three grounds on which the district court relied in dismissing the petition. We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253, and we affirm.

Under 28 U.S.C. § 2254, district courts have jurisdiction over habeas petitions only if the petitioner is "'in custody' under the conviction or sentence under attack at the time his petition is filed." *Maleng v. Cook*, 490 U.S. 488, 490–91 (1989) (per curiam). It is undisputed that Manunga completed her sentence for the challenged 2010 conviction by March 18, 2011. Thus, she was not "in custody" under the 2010 conviction at the time she filed her 2014 petition.

Manunga argues the district court had jurisdiction because when she filed her petitions, she was on probation as part of her sentence under the 2012 conviction – a sentence, Manunga contends, that was enhanced by her prior 2010 conviction. This argument fails. Assuming *arguendo* that Manunga's sentence under the 2012 conviction had been enhanced by her 2010 conviction, this does not mean she was "in custody" pursuant to the 2010 conviction. *See Lackawanna Cty.*

2

*Dist. Attorney v. Coss*, 532 U.S. 394, 401 (2001) ("[R]espondent was not 'in custody' on his 1958 conviction merely because that [prior] conviction had been used to enhance a subsequent sentence."); *Maleng*, 490 U.S. at 492-93 (explaining that when a prior conviction is used to enhance the sentence for a subsequent conviction, "it is pursuant to the second conviction that the petitioner is incarcerated and is therefore 'in custody'"). Section 2254 requires that the petitioner be in custody "under the conviction or sentence *under attack*," *id.* at 490 (emphasis added), and Manunga is not attacking her 2012 conviction. *See Lackawanna*, 532 U.S. at 401 (holding that where the petitioner was "no longer serving the sentences imposed pursuant to his 1986 convictions . . . [he] cannot bring a federal habeas petition directed solely at those convictions"). Thus, Manunga's probationary status under her sentence for the 2012 conviction did not render her "in custody" for the purpose of challenging the 2010 conviction at issue here.

Because Manunga was not in custody under the challenged 2010 conviction when she filed her habeas petition, the district court did not err in dismissing her petition for lack of jurisdiction.[1]

**AFFIRMED.**

---

[1] We do not reach the district court's alternative grounds for dismissal. *See Bailey v. Hill*, 599 F.3d 976, 984 n.7 (9th Cir. 2010) ("Because there is no habeas jurisdiction, we do not reach or decide Bailey's remaining arguments or the merits of Bailey's petition.").